## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY J. HALPERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 50303 |
| v. | ) | |
| | ) | Hon. Iain D. Johnston |
| | ) | |
| AMERICAN CIVIL LIBERTIES | ) | |
| UNION (ACLU), ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' JOINT MOTION TO TRANSFER VENUE TO THE EASTERN DIVISION PURSUANT TO 28 U.S.C. § 1404(a)

### Introduction

Defendants Lambda Legal Defense and Education Fund, Inc. ("Lambda Legal"), American Civil Liberties Union, Inc., Deborah Archer, Anthony D. Romero, and the American Association of University Professors (collectively, the "Movants") by and through their respective undersigned counsel, respectfully move the Court to transfer this action from the Western Division to the Eastern Division of the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), because the Eastern Division has the far stronger factual and practical connection to this case. Although Plaintiff resides in McHenry County and filed this case in state court there, the relevant events, parties, and counsel have far stronger ties to the Eastern Division. Transfer

would promote efficiency, reduce burden on the Court and the parties, and facilitate coordinated motion practice in this multi-defendant action.

Counsel for additional defendants have been invited to join this motion. Those who have responded to date and indicated they wish to join are listed above. Movants do not purport to speak for or bind any other defendant.

## Background

Lambda Legal is a not-for-profit corporation incorporated in New York, with its principal place of business in New York City. It also maintains a regional office in Chicago, which is within the Eastern Division. A number of other defendants also maintain offices in Chicago, and all defense counsel in Illinois are located in the Eastern Division. Plaintiff Gregory Halpern resides in McHenry County, which falls within the Western Division, but aside from that residence, no party or event giving rise to the claims alleged occurred in the Western Division. None of the named defendants is headquartered or operationally based in the Western Division.

Plaintiff's complaint asserts sweeping and often vague allegations against numerous nonprofit organizations, including alleged constitutional, statutory, and tort violations. These claims concern the advocacy, communications, and operations of national and regional entities with no identified nexus to the Western Division other than Plaintiff's residence.

Many of these claims raise complex legal issues concerning protected advocacy and expressive activity. Defendants are preparing to file coordinated dispositive

motions, including potential motions under Rule 12 and the Illinois anti-SLAPP statute. Litigating these issues efficiently and fairly will require coordination among counsel, most of whom are located in Chicago, and transfer to the Eastern Division will substantially aid in that effort.

## Legal Standard

Section 1404(a) permits a district court to transfer a civil action to another district or division "[f]or the convenience of parties and witnesses, in the interest of justice." In evaluating whether transfer is appropriate, courts consider several factors, including the convenience of the parties, the location of witnesses and counsel, the accessibility of sources of proof, the locus of operative facts, and the interest of justice. See *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010).

## Argument

The convenience of the parties and counsel favors transfer. Although Plaintiff resides in the Western Division, all defense counsel are located in the Eastern Division, and the majority of the Illinois-based defendants maintain offices there. No defendant has any significant connection to McHenry County or Rockford, and litigating this case in the Western Division would impose unnecessary travel and logistical burdens on parties and counsel.

The interest of justice also supports transfer. The operative facts underlying Plaintiff's allegations concern the expressive conduct of national and regional

nonprofit organizations. In addition, Defendants intend to coordinate their dispositive motion practice, which will be facilitated by proximity to the Court and to each other in the Eastern Division. Coordinated briefing of potentially dispositive motions—including anticipated motions under Rule 12 and Illinois' anti-SLAPP statute—will reduce duplicative efforts, minimize judicial burden, and ensure consistent rulings across defendants. These efficiencies are only possible if the case proceeds in the division where counsel are located.

Plaintiff's choice of forum is entitled to little weight in these circumstances. To begin with, the plaintiff's choice of forum has only "minimal value where none of the conduct occurred in the forum selected by plaintiff." *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Plaintiff filed in state court, not federal court, and thus did not select this federal venue. Courts routinely afford less deference to a plaintiff's choice of forum when the case is removed to federal court and when, as here, the chosen forum bears minimal connection to the events or defendants at issue. *See U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752-53 (7th Cir. 2008) (observing that "[r]ules governing * * * removal (the defendants removed the plaintiff's suit, originally filed in an Illinois state court, to the federal district court in Chicago) limit a plaintiff's choice of forum"); *Deist v. Washington Univ. Med. Ctr.*, 385 F. Supp. 2d 772, 774 (S.D. Ill. 2005) (observing that the court was not plaintiff's chosen forum because plaintiffs filed suit in state court, and the case was later removed to federal court). The only connection to the Western Division is Plaintiff's

residence. That alone is not enough to justify burdening the Court and parties with venue in a district that otherwise lacks relevance to the dispute.

No defendant supports venue in the Western Division, and no material witnesses or documents are located there.

## Conclusion

For the foregoing reasons, Movants respectfully request that this Court transfer this action to the Eastern Division of the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), and grant such other relief as the Court deems just and proper.

Dated: July 22, 2025

DEFENDANT LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.

By: */s/ Jonathan S. Quinn*
    One of its attorneys

Jonathan S. Quinn
Joseph B. Sherling
**NEAL, GERBER & EISENBERG LLP**
225 West Randolph Street, Suite 2800
Chicago, Illinois 60606
Tel. (312) 269-8000
Fax: (312) 429-3531
jquinn@nge.com
jsherling@nge.com

- 5 -

DEFENDANTS AMERICAN CIVIL
LIBERTIES UNION, INC., DEBORAH
ARCHER, AND ANTHONY D. ROMERO


By: */s/* Steven J. Molitor, Jr.
      One of its attorneys

Shane Bradwell
Steven J. Molitor Jr.
**O'HAGAN MEYER, LLC**
1 E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Tel. (312) 422-6100
Fax: (312) 422-6110
sbradwell@ohaganmeyer.com
smolitor@ohaganmeyer.com


DEFENDANT AMERICAN
ASSOCIATION OF UNIVERSITY
PROFESSORS

By: */s/* Elisabeth Oppenheimer
      One of its attorneys

Laura M. Finnegan
**BAUM SIGMAN AUERBACH &
NEUMAN, LTD.**
200 West Adams Street, Suite 1825
Chicago, IL 60606
Tel. (312) 236-4316
Fax: (312) 236-0241
lmfinnegan@baumsigman.com

Elisabeth Oppenheimer
Richard F. Griffin
**BREDHOFF & KAISER, P.L.L.C.**
805 15th Street NW, Suite 1000
Washington, DC 20005
Tel. (202) 842-2600
Fax: (202) 842-1888
eoppenheimer@bredhoff.com
rgriffin@bredhoff.com

## CERTIFICATE OF SERVICE

This is to certify that on July 22, 2025, I electronically filed the foregoing

**Defendants' Joint Motion to Transfer Venue to the Eastern Division Pursuant to**

**28 U.S.C. § 1404(a)** with the Clerk of Court using the CM/ECF system which will send

electronic notification of such filing to the following:

Mr. Gregory J. Halpern
11008 Morning Dove Lane
Spring Grove, Illinois 60081
g.halpern@yahoo.com
*Pro Se Plaintiff*

Shane Bradwell, Esq.
Steven J. Molitor Jr., Esq.
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
sbradwell@ohaganmeyer.com
smolitor@ohaganmeyer.com
*Attorneys for Defendants American Civil Liberties Union, Inc.,*
*Deborah Archer, and Anthony D. Romero*

James E. Abbott, Esq.
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
Abbott@LitchfieldCavo.com
*Attorney for Defendants Aids Foundation of Chicago, San Francisco Aids Foundation*
*and GLBT Historical Society*

Patrick F. Moran, Esq.
Gordon Rees Scully Mansukhani, LLP
One North Wacker, Suite 1600
Chicago, Illinois 60606
pmoran@grsm.com
*Attorney for Defendant National Fair Housing Alliance*

Laura M. Finnegan, Esq.
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 1825
Chicago, IL 60606
lmfinnegan@baumsigman.com
*Attorney for Defendant American Association of University Professors*

Elisabeth Oppenheimer, Esq.
Richard F. Griffin, Esq.
Bredhoff & Kaiser, P.L.L.C.
805 15th Street NW, Suite 1000
Washington, DC 20005
eoppenheimer@bredhoff.com
rgriffin@bredhoff.com
*Attorney for Defendant American Association of University Professors*

By: */s/ Jonathan S. Quinn*
*Counsel for Defendant Lambda Legal Defense
and Education Fund, Inc.*

Jonathan S. Quinn
Joseph B. Sherling
**NEAL, GERBER & EISENBERG LLP**
225 West Randolph Street, Suite 2800
Chicago, Illinois 60606
Tel. (312) 269-8000
Fax: (312) 429-3531
jquinn@nge.com
jsherling@nge.com