



No. 3:25-cv-50303 - Honorable Iain D. Johnston

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

| | |
|---|---|
| IN RE CIVIL MATTER OF:<br><br>GREGORY J. HALPERN<br>Plaintiff,<br><br>vs.<br><br>AMERICAN CIVIL LIBERTIES (ACLU);<br>LAMBDA LEGAL;<br>NATIONAL URBAN LEAGUE;<br>NATIONAL FAIR HOUSING ALLIANCE;<br>AIDS FOUNDATION OF CHICAGO;<br>SAN FRANCISCO AIDS FOUNDATION;<br>GLBT HISTORICAL SOCIETY;<br>CATHOLIC CHARITIES FORT WORTH;<br>AMERICAN ASSOCIATION OF<br>UNIVERSITY PROFESSORS (AAUP);<br>NATIONAL ASSOCIATION OF DIVERSITY<br>OFFICERS IN HIGHER EDUCATION<br>(NADOHE); DEBORAH ARCHER<br>(INDIVIDUALLY), ANTHONY D. ROMERO<br>(INDIVIDUALLY), and DOES 1-100<br><br>Defendants. | COMPLAINT FOR: DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES AND DEMAND FOR A JURY TRIAL<br><br>Count I – Declaratory Relief (Vexatious Litigants)<br>Count II – Taxpayer Standing: Fraudulent Use of Public Funds<br>Count III – Common Law Fraud and Misrepresentation<br>Count IV – False and Misleading Advertising<br>Count V – Engaging in Lawfare in Violation of Rule 11 and Professional Ethics<br>Count VI – Violation of Executive Directives on National Security and Public Safety<br>Count VII – Judicial Overreach into Non-Justiciable Executive Authority<br>Count VIII - Intentional Infliction of Emotional Distress<br>Count IX – Racketeering Influenced Corrupt Organization (RICO) |

## PLAINTIFF'S FULL OPPOSITION TO DEFENDANTS' JOINT MOTION TO TRANSFER VENUE WITH REQUEST FOR DENIAL, SANCTIONS AND CORRECTIVE RELIEF

GREGORY J. HALPERN, Pro Se
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

# TABLE OF AUTHORITIES

| Authority | Citation / Use |
|---|---|
| *In re Nat'l Presto Indus., Inc.* | 347 F.3d 662, 664 (7th Cir. 2003) — Plaintiff's choice of forum is entitled to substantial deference. |
| *Chicago, R.I. & P.R. Co. v. Igoe* | 220 F.2d 299, 304 (7th Cir. 1955) — Minimal value of forum choice only applies if forum has no connection, which is not the case here. |
| *Heller Fin., Inc. v. Midwhey Powder Co.* | 883 F.2d 1286, 1293 (7th Cir. 1989) — Venue transfer must not inconvenience the nonmoving party. |
| *Coffey v. Van Dorn Iron Works* | 796 F.2d 217, 220–21 (7th Cir. 1986) — Burden of proof for transfer rests on the movant. |
| *U.S.O. Corp. v. Mizuho Holding Co.* | 547 F.3d 749, 752 (7th Cir. 2008) — Removal limits plaintiff's forum rights, but courts still weigh plaintiff's chosen division. |
| *28 U.S.C. § 1404(a)* | Allows transfer only for convenience and in the interest of justice — not for tactical advantage. |
| *28 U.S.C. § 1441(a)* | Removal must be to the proper division in the first instance — and they chose this one. |

# INTRODUCTION

Plaintiff GREGORY J. HALPERN respectfully files this Opposition to the Joint Motion to Transfer Venue (Dkt. #20), which seeks to move this action from the Western Division to the Eastern Division of the Northern District of Illinois under 28 U.S.C. § 1404(a). The motion is meritless, cynical, and procedurally abusive.

Defendants removed this case from McHenry County Circuit Court—a proper and local forum—to this very Division. Now, in blatant forum shopping, they seek to shift venue simply because they do not like the judge, the division, or the growing exposure they face under individualized scrutiny. The motion is unsupported by fact or law, and it should outrage this Court.

## I. DEFENDANTS CHOSE THIS FORUM AND ARE ESTOPPED FROM COMPLAINING ABOUT IT

This action was filed in McHenry County, which lies within the Western Division. Defendants removed it here voluntarily under 28 U.S.C. § 1441(a). They cannot now claim hardship or inconvenience from litigating in a forum they chose. Courts uniformly reject such bait-and-switch tactics.

See *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21 (7th Cir. 1986) (burden of proving inconvenience rests entirely on the movant); *Heller Fin., Inc. v. Midwhey*

*Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (cannot inconvenience non-movant to ease moving party's internal strategy).

## II. PLAINTIFF'S CHOICE OF FORUM—HIS HOME DIVISION—IS ENTITLED TO DEFERENCE

Plaintiff resides in McHenry County. He filed in the Circuit Court that serves his district. This is not a random or forum-shopping filing. This is a legitimate, direct, and well-founded choice of venue.

See *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("The plaintiff's choice of forum is usually entitled to deference.").

The fact that Defendants now dislike the Western Division does not override the legitimacy of the Plaintiff's venue—especially when Plaintiff is appearing pro se and has filed every motion in a timely and professional manner.

## III. DEFENDANTS ADMIT THEIR TACTICAL MOTIVE: COORDINATION, NOT CONVENIENCE

Defendants' motion openly states their intention to file a **coordinated dispositive attack** including anti-SLAPP arguments and a unified Rule 12 motion. This isn't about convenience—it's about evading individualized liability and creating one consolidated hit piece.

That is not a legitimate reason under § 1404(a).

See *Coffey*, supra; see also *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973 (7th Cir. 2010) (convenience must be real, not tactical).

## IV. THERE IS NO BURDEN ON DEFENSE COUNSEL THAT JUSTIFIES TRANSFER

All of Defendants' alleged inconvenience arises from **self-created choice of counsel**. These organizations chose to staff the case with Eastern Division lawyers. Plaintiff did not. That is not a basis for transfer.

Moreover, remote filings, Zoom hearings, and digital document management eliminate any meaningful inconvenience. This argument is obsolete and manipulative.

## V. THE INTEREST OF JUSTICE WEIGHS AGAINST TRANSFER

There is a pending motion to remand. The Court's resources should not be further expended relocating a case that may not belong in federal court at all.

Defendants' motion wastes judicial economy and signals that they believe different judges or forums will be more favorable. That is precisely what venue law is designed to prevent.

See *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008) (forum choice is limited after removal but remains a relevant factor).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. DENY Defendants' Joint Motion to Transfer Venue;

2. SANCTION Defendants for attempting to manipulate forum after initiating removal;

3. STRIKE or reject any consolidated filings made under the premise of Eastern Division transfer;

4. GRANT such other relief as this Court deems just and proper.

Respectfully submitted,

Dated July 22, 2025

*[signature]*

GREGORY J. HALPERN, Pro Se
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075